**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**WILSON PELLOT-RODRIGUEZ,**

     **Plaintiff,**

**v.**                                                                    **Case No: 5:14-CV-543-Oc-18PRL**

**COMMISSIONER OF SOCIAL**
**SECURITY**

     **Defendant.**

_____

**REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying her application for supplemental security income ("SSI"). The Court has reviewed the record, the memoranda (Docs. 20 & 21), and the applicable law. For the reasons set forth herein, the Commissioner's decision should be **AFFIRMED** under sentence four of 42 U.S.C. §405(g).

**I.   Procedural History and Summary of the ALJ's Decision**

On April 6, 2011, Plaintiff filed an application for SSI, alleging a disability onset date of January 9, 2003. (Tr. 18, 184-90).[2] The Social Security Administration ("SSA") denied his application initially and upon reconsideration. (Tr. 57-85). Plaintiff requested a hearing before an Administrative Law Judge (Tr. 102) and on January 25, 2013, ALJ Douglas A. Walker held a

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

[2] An individual cannot receive SSI for any period prior to the month in which he filed his application. *See* 20 C.F.R. §§ 416.330, 416.335. Thus, the relevant period in this case is the month in which Plaintiff filed his SSI application (April 2011) through the date of the ALJ's decision (February 27, 2013).

hearing.  (Tr. 42-55).  On February 27, 2013, ALJ Walker issued an unfavorable decision.  (Tr. 18-34).

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 6, 2011, the application date.  (Tr. 20).  At step two, the ALJ determined that Plaintiff had the following severe impairments: history of a lumbar spine disorder, asthma, a coronary artery disorder, and an affective disorder.  (Tr. 20).

At step three, the ALJ found that Plaintiff did not have an impairment or a combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Tr. 21).  Next, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to

> perform sedentary work as defined in 20 CFR 416.967(a).  He can lift and carry 10 pounds.  He can sit six hours and stand and/or walk two hours in an eight-hour workday.  He should avoid frequent ascending and descending stairs.  He should avoid pushing and pulling motions with his lower extremities within the aforementioned weight restrictions.  He can perform each of the following postural activities occasionally: balancing, stooping, crouching, kneeling, and crawling, but not climbing.  The claimant has monocular vision, but has left eye visual acuity of 20/20 and he has been able to adapt to the lack of depth perception.  He would require work which is unskilled or semi-skilled (SVP=3).

At step four, the ALJ determined that Plaintiff was not able to perform any past relevant work. (Tr. 33).  Then, at step five, the ALJ found that, considering Plaintiff's age, education, work experience, and RFC, there are jobs that he could perform that exist in significant number in the national economy.  (Tr. 33).  Thus, the ALJ found that Plaintiff was not disabled since April 6, 2011, the date the application was filed.  (Tr. 33).  The Appeals Council denied Plaintiff's Request for Review.  (Tr. 1-6).  After exhausting his administrative remedies, Plaintiff timely filed the instant appeal.  (Doc. 1).

## II.  Social Security Act Eligibility and Standard of Review

A claimant is entitled to disability benefits when she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§416(i)(1), 423(d)(1)(A); 20 C.F.R. §404.1505(a).  The Commissioner has established a five-step sequential analysis for evaluating a claim of disability.  *See* 20 C.F.R. §404.1520.  The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence.  *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988)(citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)).  The Commissioner's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C. §405(g).  Substantial evidence is "more than a scintilla, i.e., evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion."  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995)(per curiam)(internal citations omitted); *see also Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).

When the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991)(per curiam).  "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision."  *Foote*, 67 F.3d at 1560, *see*

*also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992)(stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings).

### III. Analysis

#### A.  The ALJ Properly Evaluated Opinions of Treating Physicians

First, Plaintiff argues that the ALJ erred by failing to give "great weight" to the opinions of Plaintiff's treating physicians  – Dr. Dieguez and Dr. Delgado.  However, other than quoting the ALJ's discussion of these opinions, and noting that they are "particularly valuable" opinions because both physicians treated Plaintiff over a considerable period of time, Plaintiff fails to offer any argument as to how the ALJ erred.

The opinions of treating physicians are entitled to substantial or considerable weight unless "good cause" is shown to the contrary.  *Crawford v. Commissioner of Social Security*, 363 F. 3d 1155, 1159 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir.1997)).  Good cause exists "when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records."  *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004).  With good cause, an ALJ may disregard a treating physician's opinion, but he "must clearly articulate [the] reasons" for doing so.  *Id*. at 1240-41. Here, the ALJ articulated sufficient reasons, supported by substantial evidence, for according "little weight" to the opinions of these doctors.  (Tr. 34-35).

On September 6, 2011, in a letter Dr. Dieguez wrote that Plaintiff "is disabled due to back problems and heart disease."  (Tr. 558).  The ALJ correctly noted that this conclusory opinion that Plaintiff is "disabled" is not entitled to any special weight because it is an opinion on an issue reserved for the Commissioner.  *See* 20 C.F.R. § 416.927(d).  Moreover, the ALJ correctly

explained that Dr. Dieguez's opinion was not supported by his own treatment notes that reflected routine visits with mostly normal findings and conservative treatment and no noted work restrictions.  (Tr. 24, 25, 26, 27, 31).

In August 2010, Plaintiff reported numerous problems, but Dr. Dieguez's findings on examination were mostly normal with 5/5 motor strength and normal sensation throughout.  (Tr. 24, 494-95).  While Plaintiff's blood pressure was elevated, it was noted that he had not taken his blood pressure medication in five days.  (Tr. 494).  In January 2011, Plaintiff's examination was again essentially normal except for elevated blood pressure.  (Tr. 568).  Treatment notes for subsequent visits through June 6, 2011, show essentially normal examination findings, with normal neurological examinations and examinations of the extremities.  (Tr. 564-68).  The ALJ found that Plaintiff's allegations of weakness were not supported by the examination findings.  (Tr. 25).  On September 6, 2011 – the same date that Dr. Dieguez wrote the letter at issue here – progress notes reflect elevated blood pressure, but a normal neurological examination and a normal examination of the extremities.  (Tr. 563).  Dr. Dieguez never imposed any work restrictions on Plaintiff.

Likewise, the ALJ accorded little weight to Dr. Delgado's February 2012 medical source statement in which he opined that Plaintiff was unable to perform full time work.  (Tr. 28, 694-96).  Dr. Delgado opined that Plaintiff could lift and/or carry less than 10 pounds, stand and/or walk less than 2 hours and sit less than 2 hours in an 8-hour workday.  He could occasionally balance but never climb, kneel, crouch, or crawl; and he was limited in reaching, handling, fingering, feeling, and seeing.  Dr. Delgado noted that these limitations were due to chronic back pain and weakness in the lower extremities; Plaintiff's complaints of weakness in his grip; and glaucoma in his right eye.  He also opined that Plaintiff had environmental limitations – i.e.,

temperature extremes, dust, vibration, humidity/wetness, hazards, and fumes, odors, chemicals – that would trigger his asthma.

The ALJ correctly noted that beyond the check marks placed on the form, Dr. Delgado's opinions were not supported by adequate explanations, or any objective clinical signs, diagnostic studies or laboratory findings. (Tr. 31). He also properly noted that the treatment records from Dr. Delgado, who is a pulmonologist (and treated Plaintiff for respiratory complaints), were largely normal, did not include a comprehensive musculoskeletal examination, and reflected no work restrictions placed on Plaintiff.

As the ALJ discussed, Dr. Delgado saw Plaintiff on September 22, 2011 for a follow-up after a hospital visit. (Tr. 27, 618-20). Dr. Delgado noted that a prior CT scan of the chest revealed right atrial enlargement; an echocardiogram revealed good left ventricular systolic function with an ejection fraction of 55 percent and that he maintained adequate saturations at rest and on exertion. On examination, Plaintiff's oxygen saturation was 98%. He had decreased breath sounds bilaterally, otherwise the findings were normal. Plaintiff had normal muscle strength and movement and no gross motor or sensory deficits. Dr. Delgado did not impose any work-related restrictions. On December 29, 2011, Dr. Delgado saw Plaintiff again. (Tr. 781-82). He noted that Plaintiff had been diagnosed with obstructive sleep apnea and prescribed a CPAP. Plaintiff reported fatigue, but denied all other symptoms including musculoskeletal pain. On physical examination, Plaintiff again had normal muscle strength and movement with no neurologic deficits. Dr. Delgado did not impose any work related limitations. His impression was obstructive sleep apnea, asthma, and hypertension. Subsequent physical examinations on February 1, 2012 and March 25, 2012 were also normal. (Tr. 784-85, 787-88).

Moreover, the record as a whole – which the ALJ discussed at length– does not support the disabling limitations opined by Dr .Dieguez and Dr. Delgado.   Indeed, the ALJ discussed Plaintiff's treatment at Lorven Heart and Vascular Institute for complaints of leg pain, chest pain, shortness of breath, numbness in hands and feet, and fatigue.   (Tr. 25-28, 631-32, 638-49, 651, 764-80); his treatment with Dr. Viterbo Martinez for complaints of lower back pain (Tr. 28, 744-63); treatment with Dr. Lance Kim, D.O., a neurologist, for complaints of chronic progressive lower back pain (Tr. 29, 837); his cardiovascular consultation with Dr. Asad Qamar (Tr. 29, 830-34); and his two brief hospitalizations for complaints of chest pain.  (Tr. 25, 29, 30, 416-34, 789-802).   The ALJ also considered the consultative evaluation by Dr. Robert Williams (Tr. 26, 31 517-29) and the opinion of non-examining state agency physician, Dr. Minal Krishnamurthy.  (Tr. 31, 81-84).   Plaintiff does not challenge the ALJ's evaluation of this medical evidence, nor does he challenge the weight the ALJ afforded it.   Moreover, while Plaintiff contends that this is a "blatant example" of the ALJ violating the treating physician rule, he has failed to point to any evidence that supports the opinions of the treating physicians.

Accordingly, the ALJ articulated good cause for according little weight to the opinions of Dr. Dieguez and Dr. Delgado.  *See Reynolds-Buckley v. Comm'r of Soc. Sec.*, 457 Fed.App'x. 862, 864 (11th Cir. 2012) ("We have found 'good cause' to afford less weight to a treating physician's opinion where the opinion . . . was inconsistent with the physician's own medical records. . .").

### B.  The ALJ Properly Evaluated Plaintiff's Subjective Complaints

When, as here, an ALJ decides not to fully credit a claimant's testimony about subjective complaints, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding.  *Foote v. Chater*, 67 F.3d 1553, 1561-62 (11th Cir. 1995); *Jones v. Department of Health and Human Servs.*, 941 F.2d 1529, 1532 (11th Cir. 1991) (finding

that articulated reasons must be based on substantial evidence).  Here, it is clear that the ALJ articulated explicit and adequate reasons for discrediting Plaintiff's complaints of disabling pain.

There is no dispute that Plaintiff has conditions that can reasonably be expected to cause pain.  Indeed, that is what the ALJ found.  (Tr. 23).  However, after making that finding, the ALJ properly evaluated the intensity, persistence, and limiting effects of Plaintiff's symptoms based on the record as a whole.  *See Wilson v. Barnhart*, 284 F.3d 1219, 1225-26 (11th Cir. 2002).  The ALJ found that Plaintiff's subjective complaints were inconsistent with the record as a whole, including the medical evidence, Plaintiff's own description of his activities and lifestyle, the lack of work-limitations imposed by physicians, and his demeanor at the hearing.  (Tr. 32).  *See* 20 C.F.R. § 404.1529(c)(4) ("SSA will consider your statements about the intensity, persistence, and limiting effects of your symptoms, and we will evaluate your statements in relation to the objective medical evidence and other evidence. . .."); *Robinson v. Astrue*, 365 Fed.Appx. 993, 997-98 (11th Cir. 2010) (noting that inconsistencies or conflicts between a claimant's statements and other evidence are considered).  Plaintiff has failed to offer any evidence or argument to undermine the ALJ's evaluation.

Accordingly, I submit that the ALJ sufficiently explained his decision to not fully credit Plaintiff's allegations of disabling pain.  Even if this Court were to disagree with the ALJ's resolution of the factual issues, and would resolve them differently, the ALJ's decision nevertheless must be affirmed where, as here, it is supported by substantial evidence in the record as a whole.  *See Martin v. Sullivan,* 894 F.2d 1520, 1529 (11th Cir. 1990).

## IV. RECOMMENDATION

In view of the foregoing, it is respectfully recommended that the decision of the Commissioner be **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

**DONE AND ENTERED** in Ocala, Florida, on January 5, 2016.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies to:

All Counsel